614 So.2d 733 (1993)
HENDEE HOMES, INC.
v.
Sheriff of Jefferson Parish, Harry LEE.
No. 92-CA-869.
Court of Appeal of Louisiana, Fifth Circuit.
February 10, 1993.
Writ Denied April 23, 1993.
*734 Anatole J. Plaisance, Baton Rouge, for appellant/plaintiff Hendee Homes, Inc.
Gerald J. Arceneaux, Westwego, for appellee/defendant Sheriff of Jefferson Parish, Harry Lee.
Before KLIEBERT, WICKER and CANNELLA, JJ.
CANNELLA, Judge.
Plaintiff, Hendee Homes, Inc. (Hendee), appeals from a judgment dismissing its suit for a Writ of Mandamus against the Sheriff of Jefferson Parish, Harry Lee, to force the Sheriff to pay surplus funds remaining after the sale of its property through executory process. We affirm since the trial court did not commit error in finding that the plaintiff failed to prove a surplus remained to disburse to Hendee after the secured creditors were paid.
The sheriff's sale of the property owned by Hendee occurred on July 28, 1976. The property was first appraised at $14,459,944, but no bids were received at the first sale. The property was subsequently sold for $6,500,000 to the seizing creditor, First Money, Inc.
According to the Sheriff's return in the record, he received $27,079.50 for payment of costs. The return stated that the purchaser bought the property subject to numerous liens. After satisfaction of those liens, a balance of $249,686.64 remained, which was applied to the debt owed to the purchaser. Hendee's debt to the purchaser totaled $944,415.55 plus interest at the time the suit for executory process was filed.
Hendee asserts on appeal that the trial court erred in dismissing its action on the basis of laches and because there was "no merit to the claim". It contends that the doctrine of laches does not apply in Louisiana and/or that the Sheriff failed to produce pertinent subpoenaed records regarding his accounting for the proceeds of the sale.
La.C.C.P. art. 2373, in effect in 1976, directs the Sheriff to pay to the debtor any surplus remaining after deducting his costs and after paying the inferior creditors.[1] If there are any mortgages, liens or privileges superior to the seizing creditor, the purchaser shall pay to the Sheriff only that portion of the sale price which exceeds the amount of the superior interest. La.C.C.P. art. 2374 (in effect in 1976).[2] However, the purchaser must pay the full purchase price to the Sheriff, despite the existence of mortgages, etc. inferior to the seizing creditor. La.C.C.P. art. 2375.
In this case, the documents in the record of the seizure and sale reflect that *735 the appropriate procedures were carried out. At trial plaintiff failed to produce any other evidence to challenge the proces verbal submitted and filed into that record by the Sheriff. Hendee bears the burden of proving its case by a preponderance of the evidence. Hendee failed to bear its burden of proving a surplus existed which should have been disbursed. Thus, we find the trial court did not err in dismissing the suit for mandamus on the merits.
In addition, the sheriff filed exceptions of prescription and laches. The trial court dismissed the action on the basis of laches. Laches, however, is a common law doctrine which does not prevail in Louisiana. Picone v. Lyons, 601 So.2d 1375, 1377 (La.1992). In Louisiana, "there is no prescription other than that established by legislation". La.C.C. art. 3457; Picone v. Lyons, supra. Consequently, the trial judge erred in dismissing the action on the basis of laches.
Further, we note that this action is prescribed under the two year prescriptive period set forth in La.R.S. 9:5623[3] for actions filed against Sheriffs. Thus, although the trial court erroneously found the action barred by laches, we find the result is correct since the action is barred by prescription.[4] Further, there is nothing in the record to indicate justice would require overlooking the tolling of the prescriptive period. Hendee was represented by counsel in 1976, a hearing was held on its petition for injunction and no compelling reason has been asserted by Hendee to overlook the fifteen year delay in this case.
Accordingly, the judgment of the trial court is affirmed.
Costs are to be paid by appellant.
AFFIRMED.
NOTES
[1] Amended by Acts 1989, No. 137 § 18 to insert "security interests" preceding "mortgages".
[2] Amended by Acts 1989, No. 137 § 18 to insert "security interests" preceding "mortgage".
[3] § 5623. Acts of sheriff; overpayments

The following actions against sheriffs and their sureties are prescribed by two years, reckoning from the day of the act of omission or commission: 1) Those for the recovery of damages arising out of any act of misfeasance or nonfeasance by the sheriff; 2) Repealed by Acts 1978, No. 710, § 1; 3) Those for the recovery of costs overpaid to the sheriff.
Subsection (2) before its repeal by Acts 1978, No. 710, provided as follows: Those for the recovery of damages arising out of any offense or quasi-offense by the sheriff.
[4] Defendant filed exceptions of prescription and of "laches". The judgment stated "In addition this Honorable Court has determined that the exceptions which were tried in conjunction with the merits, are maintained on the basis of laches."