790 So.2d 160 (2001)
Louis WIGINTON and Dr. Nathan Forrest
v.
TANGIPAHOA PARISH COUNCIL and Gordon Burgess, in his Capacity as President of Tangipahoa Parish.
No. 2000 CA 1319.
Court of Appeal of Louisiana, First Circuit.
June 29, 2001.
Rehearing Denied August 13, 2001.
*161 Joseph H. Simpson, Amite, LA, for plaintiffs/appellees Louis Wiginton and Dr. Nathan Forrest.
Clifton T. Speed, Scott M. Perrilloux, Greensburg, LA, for defendants/appellants Tangipahoa Parish Council and Gordon Burgess, in his capacity as President of Tangipahoa Parish.
Before: PARRO, FITZSIMMONS, and GUIDRY, JJ.
GUIDRY, J.
This is an appeal by the defendants, the Tangipahoa Parish Council and Gordon Burgess, in his capacity as president of the parish council (Council), of a judgment dismissing their exception of prescription and granting the plaintiffs' motion for summary judgment. The sole issue raised on appeal is whether the trial court erred in finding the plaintiffs' class action petition "for declaratory judgment, damages, and injunctive and mandamus relief" had not prescribed by the application of either the one year prescriptive period applicable to delictual actions or the ten year prescriptive period applicable to personal actions and writ of mandamus as asserted by the defendants.
The plaintiffs' action, on behalf of the Tangipahoa Parish Garbage District Number One (Garbage District), seeks the repayment of revenue sharing funds originally appropriated by the state government for the benefit of the Garbage District which were admittedly utilized by the Parish *162 Council (formerly the Parish Police Jury) and allocated to the parish general fund rather than into the special fund for the Garbage District during the years 1985, 1986, and 1987.
The impropriety of the Council's actions in voting to allocate certain similarly designated revenue sharing funds to its general fund rather than the special funds to which they were to be allocated has already been determined by two prior lawsuits which were consolidated prior to trial in 1988. As a result of those lawsuits, a declaratory judgment was rendered in March, 1988, ordering the return and distribution of funds improperly reallocated by the Council to the plaintiffs therein, namely the Natalbany Volunteer Fire Department, the Loranger Volunteer Fire Department, and the Friends of the Ponchatoula Branch Library. The judgment also permanently enjoined the Council from spending any state revenue-sharing funds it may receive in the future as fiscal agent for the specified tax-recipient bodies. In finding the Council had no authority to reallocate the funds, the trial court in those cases found that the funds belonged to the respective taxing districts under constitutional and statutory provisions and that the Council, which was not vested with any ownership rights therein, was not authorized to transfer and utilize said funds. The trial court's ruling was based in part on Louisiana jurisprudence firmly establishing that revenue derived from taxes designed to benefit certain tax-recipient bodies under the Revenue Sharing Acts can only be used for the purpose for which the taxes were imposed.
The sole issue raised by this appeal is whether the trial court erred in finding that the present suit, filed on December 23, 1997, more than ten years after the last of the contested revenue-sharing funds were transferred to the parish general fund, has not prescribed. The defendants/appellants argue that "this cause of action should be dismissed as prescribed not only as to any delictual cause of action and personal action but also as to any ancillary order for a writ of mandamus." The appellees assert that the Council has known since March 31, 1988 (the date of the reasons for judgment in the prior two lawsuits based on the same misallocation of funds involving other taxing bodies) that they were holding funds which belonged to the garbage district # 1 and have simply refused to do their legal duty to restore these funds to the garbage district. They further assert that the Council's duty is a continuing one; therefore, their action was one of mandamus, seeking the fulfillment of this legal duty.
In analyzing the defendants' exception of prescription, the trial court determined that a fair reading of the plaintiffs' petition yields three causes of action: one of conversion, a tort, which the trial court held was clearly prescribed by the one year prescriptive statute; one of seeking redress for the violation of a fiduciary relationship, governed by the prescriptive period of ten years, and likewise, clearly prescribed by the passage of ten years; and finally, one of mandamus, for which the trial court ultimately concluded that "no prescriptive period exists."
"A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice...." La.C.C.P. art. 3862. "A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law...." La.C.C.P. art. 3863.
Mandamus is an extraordinary remedy which is used sparingly by the courts to compel something that is clearly provided by law, and only where it is the sole available remedy or where the delay *163 occasioned by the use of any other remedy would cause an injustice. It is clear that the mandamus lies only to compel performance of purely ministerial duties. Our jurisprudence is clear that such writ may not issue to compel performance of an act which contains any element of discretion, however slight.
Webre v. Wilson, 95-1281, p. 9-10 (La.App. 1st Cir.4/4/96), 672 So.2d 1124, 1130. Further, mandamus is to be used only when there is a clear and specific legal right to be enforced or a duty which ought to be performed. It never issues in doubtful cases. Thornton ex rel. Laneco Construction Systems, Inc. v. Lanehart, 97-1995 (La.App. 1st Cir.12/28/98), 723 So.2d 1118, 1122, writ denied, 99-0276 (La.3/19/99), 740 So.2d 121.
Plaintiffs rely on the trial court's reasons for judgment in the prior two lawsuits in maintaining that this action is appropriate for mandamus. Relying on the trial court's findings in those lawsuits, that the Council had misallocated funds belonging to the taxing bodies who were the plaintiffs in those lawsuits, plaintiffs assert that this action by them is nothing more than one seeking the performance of a ministerial duty by the Councilnamely, the return of funds previously misallocated. However, the prior two lawsuits only adjudicated the misallocation of funds by the Council as to the taxing bodies who were plaintiffs therein; that finding is not res judicata to the claims of garbage district # 1. Further, the strength of plaintiffs' argument is belied by their own petition in which they also seek a declaratory judgment, injunctive relief and damages. As noted earlier, mandamus is an extraordinary remedy available only if relief is not available through ordinary process. We have held mandamus is unavailable when injunctive relief and declaratory relief is also sought. In Copsey v. Joint Legislative Budget Control Council, 607 So.2d 841 (La.App. 1st Cir.1992), the plaintiff sued for a writ of mandamus, injunctive relief and for a declaratory judgment. The ordinary and summary proceedings were severed by motion of the plaintiff, and trial was held on the writ of mandamus alone. The trial court granted the writ of mandamus; we reversed finding the trial court erred in granting the writ without first finding that relief was not available through ordinary process, or that the delays involved would cause an injustice. In State ex rel. Neighborhood Action Committee v. Edwards, 94-0630 (La.App. 1st Cir.3/3/95), 652 So.2d 698, we reached the same conclusion, even in the absence of additional causes of action being pled in the petition. In that case, the plaintiffs sought only relief by writ of mandamus. However, following the mandates of La.C.C.P. art. 3862, the trial court dismissed the petition based on a finding that the relief sought (i.e., an order preventing several representatives of the State of Louisiana from amending a certain lease executed between the state and the city of Kenner) was available by ordinary suit for injunctive or declaratory relief.
Therefore, we find the trial court erred in analyzing the issue of prescription as to the writ of mandamus alone, and in finding that no prescriptive period is applicable. In the case relied on by the trial court, Benoit v. Devillier, 94-514 (La.App. 3rd Cir.11/2/94), 649 So.2d 523, writ denied, 94-2928 (La.1/27/95), 650 So.2d 243, the petition for mandamus was the only action asserted; there was no other relief available. Thus, the court was in the position to analyze the issue of prescription as to the writ of mandamus alone. In so doing, the court found that there is no prescriptive period applicable. (We note that the trial court did, nonetheless, find the action was barred by equity.) However, in the *164 case before us, the plaintiffs have alleged the tort of conversion, a delictual action governed by the one-year prescriptive period, and seek declaratory judgment as well as damages therefor. The plaintiffs also alleged a cause of action for the breach of fiduciary duty by the Council, a personal action governed by the ten-year prescriptive period, and seek injunctive relief thereon. Not only do these other causes of action render the suit for mandamus inappropriate, they also provide the applicable prescriptive periods.
In Simon v. Lafayette Parish School Board, 93-700 (La.App. 3rd Cir.2/2/94), 631 So.2d 626, the plaintiff, a school bus driver, filed for a writ of mandamus seeking reimbursement from the school board for funds tendered to the state retirement system to purchase years immediately following the start of his employment. The third circuit upheld the trial court's finding that the petition was delictual in nature, sounding in tort, and was barred by the one year prescription of C.C. art. 3494. Likewise, in Hendee Homes Inc. v. Lee, 614 So.2d 733 (La.App. 5th Cir.), writ denied, 616 So.2d 707 (La.1993), a former landowner brought suit for a writ of mandamus against the sheriff to force payment of alleged surplus funds remaining after the sale of property through executory process. The court held that the action for mandamus was barred by the two-year prescriptive period for actions filed against sheriffs.
Accordingly, the action of the plaintiffs is prescribed either by the application of the one-year period applicable to the alleged tort, or the ten-year prescriptive period applicable to the personal action alleged. The garbage district # 1 contends that the Council knew for more than ten years that it had misallocated funds belonging to other taxing bodies, and refused to reimburse those funds for all those years. In the same vein, we find that the garbage district knew also, for more than ten years, that funds had been misallocated by the Council. Its failure to file suit via ordinary process establishing its claims to those funds within either the one year or ten year prescriptive period renders the trial court's denial of the exception of prescription an error as a matter of law.
For the foregoing reasons, the judgment of the trial court denying the defendants' exception of prescription is hereby reversed. Costs of this appeal, in the amount of $291.00, are assessed to the plaintiffs.
REVERSED.
PARRO, J., concurs.
FITZSIMMONS, J., concurs and assigns reasons.
FITZSIMMONS, Judge, concurring, with reasons.
The plaintiffs' entitlement to the funds sought was recognized by declaratory and summary judgments. Thus, the request for mandamus was inappropriate, and the issue of a prescriptive period for mandamus is moot. The viable causes of action remaining in the suit have prescribed. For these reasons, I respectfully concur.