906 So.2d 441 (2005)
LOUISIANA UNITED BUSINESSES ASSOCIATION Self-Insurers' Fund and Lumbermen's Mutual Casualty Company
v.
STATE OF LOUISIANA WORKERS' COMPENSATION SECOND INJURY BOARD, Dan Boudreaux, As Chairman of the Second Injury Board, and Joseph San Marco, As Director of the Second Injury Board.
No. 2003 CA 2503.
Court of Appeal of Louisiana, First Circuit.
February 4, 2005.
*443 Thomas M. Ruli, Matthew M. Putfark, Judge, Napolitano, Guilbeau, Rull & Frieman, Metairie, for Plaintiffs-Appellees La. United Businesses Association Self-Insurers' Fund and Lumbermen's Mutual Casualty Co.
Charles C. Foti, Jr., Attorney General, Karl L. Scott, Matthew R. Richards, Assistant Attorneys General, Baton Rouge, for Defendants-Appellants State of Louisiana Workers' Compensation Second Injury Board, Dan Boudreaux, as Chairman of the Board, and Joseph San Marco, as Director of the Board.
Before: PARRO, KUHN, and FOIL,[1] JJ.
PARRO, J.
The Louisiana Workers' Compensation Second Injury Board (Board) appeals a judgment granted in favor of applicants for reimbursement from the Louisiana Workers' Compensation Second Injury Fund (Fund). The district court judgment ordered the Board to issue a written decision from which the applicants could seek further judicial review in accordance with LSA-R.S. 23:1378(E). For the following reasons, the judgment of the district court is affirmed.

Factual Background and Procedural History
On December 23, 2002, Lumbermen's Mutual Casualty Company (Lumbermen's) and Louisiana United Businesses Association Self-Insurers' Fund (LUBA) (collectively plaintiffs or applicants) filed a petition for writ of mandamus pursuant to LSA-R.S. 49:992(E)[2] against the Board.[3] The plaintiffs sought to have the court compel the Board to grant their March 6, 2002 request for a hearing to address the Board's interpretation of various statutory provisions affecting the liability of the Fund and the plaintiffs' rights to reimbursement under said provisions.
Subsequently, the district court signed an order sustaining an exception by the Board, which had raised the objections of improper service of process and no cause of action, and affording the plaintiffs an opportunity to amend their petition. Pursuant to this order, the plaintiffs timely revised the designation of their petition for writ of mandamus and included allegations and a prayer for relief relative to their right to a hearing before the Board and their right to have the Board issue a written decision concerning their claims, from which they could seek further judicial review.
The Board filed a motion to dismiss the plaintiffs' claims for their failure to comply with the order to amend their petition to include allegations setting forth a cause of action for a writ of mandamus. Additionally, the Board filed a second exception raising the objection of no cause of action, based on the fact that the Board has discretion *444 in determining whether to grant a hearing. The Board urged that the plaintiffs should have appealed from its decision regarding the amount of reimbursement to be paid to the plaintiffs upon receipt of reimbursement payments in March and June of 2001, which payments constituted notice of their decision.
Following a hearing on these matters, the district court found that the plaintiffs' amended petition stated a cause of action upon which relief could be granted. Accordingly, it denied the Board's motion to dismiss, as well as its exception. Furthermore, the district court granted that portion of the plaintiffs' petition which sought an order compelling the Board to issue a written decision from which the plaintiffs could seek further judicial review in accordance with LSA-R.S. 23:1378(E). The Board filed a suspensive appeal, contending that the trial court erred in denying its motion to dismiss, denying its exception raising the objection of no cause of action, and granting the plaintiffs' writ of mandamus ordering it to issue a written decision. The plaintiffs answered the Board's appeal, urging that the district court erred in failing to find that they were entitled to a hearing before the Board and in failing to award attorney fees pursuant to LSA-R.S. 49:992(E) of the Louisiana Administrative Procedure Act.

Discussion
Article 3863 of the Louisiana Code of Civil Procedure provides, in pertinent part, that a writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. However, as indicated in LSA-C.C.P. art. 3862, use of this extraordinary remedy is limited to situations where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice. Mandamus will not lie in matters in which discretion and evaluation of evidence must be exercised. The remedy is not available to command the performance of an act that contains any element of discretion, however slight. Allen v. St. Tammany Parish Police Jury, 96-0938 (La.App. 1st Cir.2/14/97), 690 So.2d 150, 153, writ denied, 97-0599 (La.4/18/97), 692 So.2d 455. Further, mandamus is to be used only when there is a clear and specific legal right to be enforced or a duty that ought to be performed. It never issues in doubtful cases. Wiginton v. Tangipahoa Parish Council, 00-1319 (La.App. 1st Cir.6/29/01), 790 So.2d 160, 163, writ denied, 01-2541 (La.12/7/01), 803 So.2d 971.
The essence of the Board's appeal is that the applicable statutes (1) afford it discretion in determining whether to grant a hearing in connection with a claim for reimbursement and (2) do not mandate that a written decision be given to the applicant; therefore, a writ of mandamus does not lie. Thus, we examine the law applicable to a claim for reimbursement from the Fund.
The Fund was created to encourage the employment of physically handicapped employees who have a permanent, partial disability by protecting employers, group self-insurance funds, and property and casualty insurers from excess liability for workers' compensation benefits for disability when a subsequent injury to such an employee merges with his preexisting permanent physical disability to cause a greater disability than would have resulted from the subsequent injury alone. LSA-R.S. 23:1371(A). The provisions of LSA-R.S. 23:1371 et seq. shall be considered only in determining whether an employer or his insurer is entitled to reimbursement from the Fund. LSA-R.S. 23:1371(B).
The Board, which was created by LSA-R.S. 23:1372, may conduct such investigations, *445 hold such hearings, and adopt such rules and regulations as are necessary and proper to carry out its functions. LSA-R.S. 23:1376(A). Concerning the determination of the liability of the Fund, LSA-R.S. 23:1378[4] provides in pertinent part:
A. An employer operating under the provisions of this Chapter who knowingly employs or knowingly retains in his employment an employee who has a permanent partial disability, as defined in Subsection F of this Section, shall be reimbursed from the Second Injury Fund as follows:
(1) If such an employee who has a permanent partial disability incurs a subsequent injury arising out of and in the course of his employment resulting in liability for disability due to the merger of the subsequent injury with the preexisting permanent partial disability, the employer or, if insured, his insurer, in the first instance, shall pay all compensation provided in this Chapter, but the employer or, if insured, his insurer thereafter shall be reimbursed from the Second Injury Fund for all weekly compensation payments payable after the first one hundred and four weeks of payments.
(2) If such an employer becomes liable for the payment of death benefits under the provisions of this Chapter, said employer, or, if insured, his insurer, shall be entitled to reimbursement from the Workers' Compensation Second Injury Fund for all death benefit payments payable after the first one hundred and seventy-five weeks of payments, provided that death benefits are actually paid by said employer or his insurer under the provisions of this Chapter, and provided that the deceased employee of said employer died as a result of a combination of a preexisting permanent partial disability and a subsequent compensable injury or that said employee's death would not have occurred but for the preexisting permanent partial disability.
* * *
(6) The Second Injury Fund shall not be liable for reimbursement or be obligated to give credit for any amounts paid by an employer or carrier as attorney fees, penalties, or interest, nor for any sums paid under the Jones Act or Longshoremen and Harbor Workers Compensation Act.
* * *
B. The employer or his insurer, whichever of them makes the payments or becomes liable, shall, within one year after the first payment of either compensation or medical benefits, notify the board in writing of such facts and furnish such other information as may be required by the board to determine if the employer or his insurer is qualified for reimbursement from the Workers' Compensation Second Injury Fund.
* * *
C. Upon receipt of a notice as provided in Subsection B hereof, the board may conduct an investigation into all phases of the matter and take any and all other actions necessary to permit it to determine whether or not the employer or his insurer is entitled to reimbursement from the Workers' Compensation Second Injury Fund.

*446 The board may call a hearing thereon and, in such case, the employer and insurer, if any, shall be notified of the date, time, and place at least ten days before the date set for the hearing. Hearings may be had in the parish wherein the accident occurred or in any other parish that the board determines to be more convenient. The board shall establish rules for the conduct of such hearings. The board may issue subpoenas for witnesses in its behalf or for witnesses deemed necessary to a proper determination of the case. It shall issue subpoenas for witnesses at the request of the employer or insurer. At such hearings, the board shall not make a determination which would create, provide, diminish, or affect any workers' compensation benefits due to an injured employee, but shall limit itself to the determination of whether the fund is liable to reimburse the employer, or, if insured, the insurer.
D. If the board finds that the employer or, if insured, his insurer, is entitled to reimbursement, as provided in this part, from the Workers' Compensation Second Injury Fund, the board shall issue its warrant to the state treasurer for payments to be made at such intervals as the board directs from the Workers' Compensation Second Injury Fund to such employer or insurer for the amount provided in Subsection A hereof.
* * *
E. Written notice of the decision of the board shall be given to all parties to the hearing, and the decision of the board shall be final; however, an appeal therefrom may be taken by any of the parties within thirty days after the date of the decision of the board. If an appeal is taken, the board shall be made party defendant and service and citation shall be made, in accordance with applicable law, upon the attorney general or one of his assistants. The appeal shall be to the district court for the parish wherein the hearing was held or where the accident occurred. However, if no hearing is held or if the accident occurs out of state the appeal may be taken to the Nineteenth Judicial District Court, parish of East Baton Rouge. All appeals in all such cases shall be tried de novo.

A. Hearing
Pursuant to LSA-R.S. 23:1378(C), the Board has discretion in determining whether to conduct a hearing in connection with a claim for reimbursement. Pursuant to the authority vested in the Board by LSA-R.S. 23:1376(A) and LSA-R.S. 49:951 et seq. of the Louisiana Administrative Procedure Act, the Board promulgated its "Rules of Practice and Procedure."[5] Section 105(b)[6] of those rules defines the term hearing as "a hearing called by the Board under the authority of R.S. 23:1378, Subsection C." Upon the timely presentation of a claim for reimbursement, the Board is required to conduct such investigations, order such hearings, and take such other actions as it finds necessary to make an intelligent decision on the claim. Section 109; see also LSA-R.S. 23:1378(C). Section 109 further provides:
At least thirty (30) days prior to the date of the Board meeting at which a decision on the claim is to be made, all *447 interested parties shall be notified of the following:
(1) The date, time, place and purpose [of the] meeting;
(2) That a formal hearing on the claim pursuant to the provisions of R.S. 49:955, may be requested provided such request is made in writing and is received in the office of the Board at least ten (10) days prior to the date of said meeting;
(3) That unless a formal hearing is requested as provided in (2) above, the Board will render [its] decision on the claim at said meeting.
Where no hearing is requested, the Board shall issue a written decision as soon after said meeting as the facts [and] circumstances will allow. Parties shall be notified by mail of such decision.
These promulgated rules set forth the procedure to be followed by the Board in connection with a claim for reimbursement. Section 109 mandates that notice be given to the applicant as to its right to request a formal hearing. In the absence of a proper request for a formal hearing, the Board must render its decision on the claim at its meeting, to be followed by a written decision. In such a case, the applicant shall be entitled to notice by mail of the Board's written decision. Section 109.
The plaintiffs urge that the Board's discretion is taken away once a request for a formal hearing is made by an applicant in accordance with Section 109. However, Section 109 does not set forth exactly what is required of the Board when a proper request for a hearing has been made by an applicant. Notably, Section 111 provides as follows concerning the commencement of hearings:
As authorized by R.S. 23:1378C and these Rules of Practice and Procedure, hearings may be instituted by the Board on timely request by the applicant or, at any time, on the Board's own motion. No request by the applicant for a hearing shall be effective unless it is made in writing and received in the office of the Board at least ten (10) days prior to the date of the Board meeting at which a decision on the claim is to be made as set forth in Section [109] above.
The Board shall notify the applicant of its decision to institute a hearing at least 15 days prior to the hearing. Such notice shall conform to the requirements of LSA-R.S. 49:955. Section 115.
Although Section 109 implies that the applicant is afforded certain procedural rights, it does not expressly mandate that the Board grant an applicant's request for a hearing. Moreover, Section 111, like LSA-R.S. 23:1378(C), allows the Board discretion in determining whether a hearing may be instituted in any case, including those in which a timely request for a hearing has been made by an applicant. Thus, the district court properly denied the plaintiffs' request for a writ of mandamus directing the Board to conduct a hearing in connection with their March 6, 2002 request.

B. Written Decision
Initially, we note that the Board contends the plaintiffs' revised petition failed to state a cause of action for a writ of mandamus ordering the issuance of a written decision. Every pleading shall be so construed as to do substantial justice and no technical forms of pleading are required. LSA-C.C.P. arts. 865 and 854. The petition shall contain a short, clear, and concise statement of all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation. LSA-C.C.P. art. 891. Moreover, a final judgment shall grant the relief to which the party in whose favor it is *448 rendered is entitled, even if the party has not demanded such relief in his pleadings. LSA-C.C.P. art. 862. After reviewing the revised petition filed by the plaintiffs, we are satisfied that they sufficiently set forth their demand for an order compelling the Board to issue a written decision. Based on this finding, we conclude that the district court did not err in denying the Board's objection of no cause of action. Therefore, we must determine if the plaintiffs are legally entitled to the relief granted by the district court.
Upon receipt of timely written notification, the Board has a duty to determine whether the employer or insurer is entitled to reimbursement from the Fund. See LSA-R.S. 23:1378(B) & (C). To assist it in making this determination, the Board may conduct a hearing, subpoena witnesses, and otherwise act as necessary to make a determination as to reimbursement. LSA-R.S. 23:1378(C). If the Board finds that reimbursement is appropriate, it issues a warrant to the state treasurer to pay the reimbursement amount to the employer or insurer at such intervals as the Board directs.[7] LSA-R.S. 23:1378(D).
In this case, plaintiffs conceded in their petition that the Board approved their claims for reimbursement as originally submitted. However, following the development of new facts, the Board unilaterally altered its decisions and withheld reimbursement funds which the plaintiffs claimed belonged to them, prompting the plaintiffs to request a hearing relative to the Board's decisions regarding the modified amounts of their reimbursements. Based on the Board's refusal to provide them with a hearing and/or a written decision regarding its determinations, the plaintiffs filed the instant action.
Appellate review of a decision by the Board is governed by LSA-R.S. 23:1378(E). An appeal from a decision of the Board, whether rendered after a hearing or otherwise, may be taken by any of the parties within thirty days after the date of the decision of the Board.[8] LSA-R.S. 23:1378(E). When a hearing has been held, LSA-R.S. 23:1378(E) mandates that written notice of the Board's decision be given to all parties to the hearing. Although LSA-R.S. 23:1378(E) does not clearly state whether similar notice is required when a decision has been made or changed by the Board without a hearing, guidance in this respect is given in Section 109 of the Rules of Practice and Procedure. Section 109 clearly states that where no hearing is held by reason of the fact that one was not properly requested, the Board must "render" a decision on the claim at the scheduled meeting of the Board. Following the rendition of its decision, the Board is required to issue a written decision, of which the parties must be given notice. See Section 109. The language in these provisions addresses those situations in which a formal hearing was not requested. On the other hand, where a hearing is held, the Board's responsibility of issuing a final decision is established in Section 123(f) of the Rules of Practice and Procedure. In either situation, the decision of the Board must be reduced to *449 writing. We note that no provision has been made in the Rules of Practice and Procedure for the situation in which a formal hearing has been requested by a party, but has been denied by the Board. We conclude that the provisions of Section 109 are equally applicable to all situations in which a hearing has not been instituted. It is illogical to think that the Board intended that a written decision would be issued in all cases except when the parties' request for a hearing has been denied. To find otherwise would be to afford a non-requesting party greater rights than a party who made a formal request for a hearing. Therefore, we conclude that LSA-R.S. 23:1378(E) and the Rules of Practice and Procedure together contemplate that the Board is to issue a written decision in connection with a pending claim concerning the amount of reimbursement, regardless of whether a hearing has been held or denied. The issuance of such a decision commences the thirty-day period for appeal provided in LSA-R.S. 23:1378(E).
The record is devoid of any evidence that the Board Issued a written decision in connection with the modification of its prior decisions, which approved the reimbursement claims of Lumbermen's and LUBA. In its brief to this court, the Board urged that the plaintiffs' receipt of the reimbursement checks constituted receipt of written notice of its decisions, thus triggering the plaintiffs' appeal rights. The logic in this argument fails, in that such checks are not issued by the Board; rather, they are issued from the Fund by the state treasurer pursuant to a warrant with directives as to payment issued by the Board. See LSA-R.S. 23:1378(D). No mention is made of the issuance of such a warrant or a final decision by the Board in connection with Lumbermen's or LUBA's subsequent claim concerning the amount of the Fund's liability. See LSA-R.S. 23:1378(D); LSA-R.S. 23:1377(D).
Having found that the Board had a ministerial duty to issue a written decision relative to its determination as to the amount of the Fund's liability in this case, we conclude that the district court properly granted the plaintiffs' request for a writ of mandamus directing the Board to issue a written decision from which the plaintiffs could seek further judicial review in accordance with LSA-R.S. 23:1378(E).

C. Attorney Fees
Although the plaintiffs in their petition sought an award of reasonable attorney fees pursuant to LSA-R.S. 49:992(E), based on the Board's repeated refusal to grant a hearing under the provisions of the Louisiana Administrative Procedure Act, the district court judgment is silent concerning such demand. Generally, when a judgment is silent as to a claim or demand, it is presumed that the trial court denied the relief sought. Barham & Arceneaux v. Kozak, 02-2325 (La.App. 1st Cir.3/12/04), 874 So.2d 228, 241, writ denied, 04-0930 (La.6/4/04), 876 So.2d 87. On appeal, the plaintiffs challenge the district court's denial of their claim for attorney fees. In that regard, LSA-R.S. 49:992(E) provides:
In the event that a person files a civil action to require that a state department, division, office, agency, board, commission, or other entity of state government conduct an adjudication as required by this Chapter and judgment is rendered in his favor, he shall be entitled to an award of reasonable attorney fees to be taxed as costs in the matter.
Adjudication is defined as the agency process for the formulation of a decision or order. LSA-R.S. 49:951(1). Since the plaintiffs did not succeed in their efforts to *450 have the district court order the Board to conduct a hearing in this case, we find no error in the district court's denial of the plaintiffs' request for attorney fees.

Decree
For the foregoing reasons, the judgment of the district court is affirmed. Costs of this appeal in the amount of $337.30 are assessed to the Louisiana Workers' Compensation Second Injury Board.
AFFIRMED.
NOTES
[1] Honorable Frank Foil, retired from the Louisiana Court of Appeal, First Circuit, is serving as judge ad hoc by special appointment of the Louisiana Supreme Court.
[2] In their briefs, the plaintiffs point out the petition contained a typographical error that incorrectly listed the statute as LSA-R.S. 49:922(E).
[3] Also named as defendants were the then Chairman of the Board, Dan Boudreaux, and the Director of the Board, Joseph San Marco.
[4] In 2004, the legislature made various amendments to LSA-R.S. 23:1378. The related legislation did not become effective until specified dates in the summer of 2004, and is not applicable in the instant case. Therefore, all references in this opinion to LSA-R.S. 23:1378 are to the version that was in effect prior to the 2004 amendments.
[5] A copy of the Rules of Practice and Procedure used in this case was attached to the revised petition and is a part of the record.
[6] Each of the rules is designated as a "Section," so we will use such designation when referring to a particular rule.
[7] A final decision of the Board regarding entitlement to an award shall have the same effect as such a warrant. LSA-R.S. 23:1377(D)(2).
[8] Section 127 similarly provides that an appeal from an adverse final decision of the Board, as to liability under the law or the amount of such liability or both, may be taken by the aggrieved party, provided such appeal is filed pursuant to the provisions of LSA-R.S. 23:1378(E), within 30 days after the date shown on the written notice of said final decision.