Dear Mr. Brignac:
You requested an Attorney General's opinion regarding a misallocation of sales and use taxes by the Evangeline Parish Sales and Use Tax Commission ("Commission"). You indicated that a business located just outside of a town in Evangeline Parish has been in operation for the last five years, during which time it remitted local sales and use taxes to the Commission in the amount of approximately Eighty-Two Thousand Dollars ($82,000.00). The Commission mistakenly allocated the sales and use tax proceeds to the town when the proceeds should have been allocated to the Parish Police Jury. This error was recently discovered and the Police Jury now wants its money. The town has indicated that it cannot afford to pay the money back and will not pay it back. In order to avoid litigatiion, the Commission has considered making a joint settlement offer to the Police Jury, with the Commission funding a portion of the settlement and the town putting up a portion of the settlement
You advised that the Commission is funded through a percentatge/commission on all sales and use taxes it collects and disburses to the various taxing districts in the parish. Over the years, the Commission has collected more commissions than what was needed to cover the Commission's expenses. As a result, the Commission currently has a surplus of approximately Five Hundred Seventy Thousand Dollars ($570,000.00).
Your questions are as follows:
1. Can the Commission use a portion of these surplus commissions to fund a potential settlement with the Police Jury, and whether the opinion of our office would change if Article V of the Articles of Commission were amended such that the "surplus" did not have to be distributed to the taxing authorities levying sales and use taxes?
2. Can the Commission use monies from the general fund to pay a potential settlement with the Police Jury?
3. Is there a prescriptive period applicable to the Police Jury's claim for the misallocated sales and use taxes?
To answer your first two questions, we must determine whether the Commission has the authority to pay the proposed settlement. To make this determination we must look to the powers and authority granted to the Commission under the Articles of Commission Evangeline Parish Sales and Use Tax Commission, which provide in part as follows:
 ARTICLE I
 The Commission is vested with the full authority of administering, collecting and enforcing the collection of the sales and use taxes of the taxing authorities of this Parish in accordance with the provisions of the taxing ordinances adopted by the various taxing authorities being party hereto.
 * * * * *
 ARTICLE III
 The Commission shall be a body corporate, have the power to sue and to be sued, to hire personnel, appoint an administrator, auditors, and legal counsel, and to purchase and sell property, both movable and immovable, for use not inconsistent with the administering, collecting and enforcing the collection of said sales and use taxes. . . .
 ARTICLE IV
 The expenses of the Commission shall be paid monthly by the political subdivisions levying a sales and use tax on a proportional basis, however, the cost of collection shall in no case exceed one and one half (1½%) per cent of the tax collected for each political subdivision, unless otherwise authorized by the unanimous agreement of all political subdivisions within the Parish levying a sales and use tax. . . .
 ARTICLE V
 The sales and use taxes collected by the Commission shall be remitted to the political subdivisions levying a sales and use tax no later than ten (10) days after receipt of the taxes by the Commission and lot less than twice each month. A monthly report shall be submitted to the taxing authorities by the Commission, no later than the fifteenth day of the month after receipt, reflecting the accounting of the collection, cost and disbursement of all taxes collected along with all other income received. Prior to the beginning of its fiscal year the Commission shall adopt and submit an annual projected budget for the succeeding year. Within forty-five days after the last day of each fiscal year, the Commission shall submit an annual financial report to the taxing authorities on all sales and use taxes collected along with all other income received. It is understood that all other income, including accrued interest, will be used to offset collection expenses and that annually the excess, if any shall be proporionally distributed to the taxing authorities.
The Commission has the authority of "administering, collecting and enforcing the collection of the sales and use taxes". The Commission has certain powers as set forth in Article III which may be exercised for "the administering, collecting and enforcing the collection of said sales and use taxes." The allocation of tax funds to each political subdivision levying a sales and use tax is "administering" the sales and use taxes. As such, the misallocation of funds and any subsequent payments made to remedy the misallocation would also constitute "administering" the sales and use taxes. Therefore, it is the opinion of our office that the Commission has the authority to pay a potential settlement, in order to remedy the misallocation, as an expense of the Commission arising out of the administering of the sales and use taxes.
While you did not specifically ask about the recovery of the misallocated payments to the town in your opinion request, we feel it is necessary to address the issue. It is the opinion of this office that the Commission would be in violation of the Louisiana Constitution if no recoupment efforts are made. ArticleVII, Section 14 of the Louisiana Constitution of 1974 provides, in pertinent part, the following:
 "Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . ."
Article 7, Section 14 of the Louisiana Constitution clearly prohibits the donation of public funds. Thus the state or any of its political subdivisions may not loan, pledge or donate its funds or anything of value to or for any person when it is under no obligation to do so. See City of Port Allen v. LouisianaMunicipal Risk Agency, 439 So.2d 399 (La. 1983); Beaird-Poulan,Inc. v. Department of Highways, 362 F.Supp. 547 (W.D.La. 1973). We have interpreted legal obligation to mean that the expenditure of funds be sanctioned, authorized by law, or in the discharge of a legal duty. Attorney General Opinion Nos. 02-0162 and 00-0014.
The misallocation of funds to the twon constitutes an overpayment, which is prohibited by Article VII, Section 14 of the Louisiana Constitution. It stands to reason, therefore, that the Commission must exercise every reasonable means to recover the overpayment. Reasonable means must be determined on a case-by-case basis and on sound business practices and principles. In accord are Attorney General Opinion Nos. 03-0444 and 05-0082.
We must now address the source of funds the Commission may use to pay the proposed settlement. Because the proposed settlement is an expense relating to the administering of sales and use taxes, it is the opinion of our office that the settlement may be paid out of the general fund. However, the surplus funds belong to the various taxing authorities of the Parish. There is no authority for the Commission to retain any excess funds. In fact, the Commission is required to disburse all unused funds to the taxing authorities of the parish on a yearly basis.[1] It is the opinion of our office that, based upon the current Articles of Commission Evangeline Parish Sales and Use Tax Commission, the surplus funds may not be used to pay a potential settlement. While it is possible that, it Article V were amended, our opinion regarding the use of the surplus funds would change, we cannot opine on an amendment that has not been approved.
As for your third question, the prescriptive period applicable to the Police Jury's claim for the misallocated sales and use taxes would depend on the cause of action brought by the Police Jury. For example, in Wiginton v. Tangipahoa ParishCouncil, 00-1319 (La.App. 1 Cir. 6/29/01), 790 So.2d 160 the plaintiffs brought a class action against the parish council and its president for alleged misallocation of funds. The plaintiffs alleged various causes of action including conversion, a tort, which has a one year prescriptive period and violation of a fiduciary relationship, which is governed by the prescriptive period of ten years.
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: KENNETH L. ROCHE, III Assistant Attorney General
[1] You indicated that the Commission has voted to use the surplus funds to pay future expenses in lieu of keeping one and one half (1½%) per cent of the tax collected each year for the payment of expenses. However, because the minutes of the meeting in which the vote took place are missing, the excess funds must be paid to the taxing authorities pursuant to the Articles of Commission Evangeline Parish Sales and Use Tax Commission.