GUIDRY, J.
A public entity appeals a writ of mandamus directing it to award a contract to the sole bidder on a project that was cancelled because the sole bid received was in excess of the amount budgeted for the project. For the following reasons, we reverse and remand this matter for further proceedings.
FACTS AND PROCEDURAL HISTORY
On December 12, 2014, the Recreation & Park Commission for the Parish of East Baton Rouge (BREC) let for bid the "Wards Creek Multi-Use Pathway Bridge Project," which was a part of a larger, ten-year capital improvement program that included creating pedestrian walking trails throughout Baton Rouge. Only one company, Block Construction, LLC, submitted a bid for the project. BREC ultimately rejected the lone bid as being "significantly over budget." Following the rejection of its bid and its request for reconsideration, Block filed a petition for declaratory and injunctive relief, and alternatively, for a writ of mandamus, to be awarded a contract for construction of the Wards Creek Bridge project. BREC filed an answer generally denying the claims of Block's petition. BREC also filed a peremptory exception urging the objection of no cause *1020 of action, asserting that Block's claims were barred, in whole or in part, by Louisiana Public Bid Law.[1] A hearing on Block's petition for declaratory, injunctive, and alternatively, mandamus relief and BREC's objection of no cause of action was held on March 12, 2015. On July 7, 2015, the trial court signed a judgment in favor of Block, wherein it issued a writ of mandamus directing BREC to award Block a contract for the Wards Creek Bridge project.
BREC suspensively appealed the July 7, 2015 judgment. On appeal, BREC again raised the objection of no cause of action, but on the basis that Block improperly sought the issuance of a writ of mandamus under La. C.C.P. art. 3863. Article 3863 requires that the writ be directed to a public officer; however, in its petition, Block did not name a public officer, but only BREC, as a defendant in the action. This Court found merit in the objection and reversed the July 7, 2015 judgment. The matter was further remanded to the trial court with instructions to allow Block to amend its pleadings to add a public officer as a party defendant, or alternatively, for the trial court to consider BREC's remaining causes of action.[2] Block Construction, LLC v. Recreation & Park Commission for the Parish of East Baton Rouge, 15-1323, p. 6 (La. App. 1st Cir. 4/15/16), 2016 WL 1545620, at *3.
On remand, Block filed a supplemental and amended petition naming the superintendent of BREC, Carolyn McKnight, as a party defendant. McKnight, in her capacity as superintendent of BREC, generally denied the allegations of the supplemental and amended petition and further raised as an affirmative defense that Block's claims were barred under the Louisiana Public Bid Law, as well as raised the objections of no cause of action and res judicata. McKnight subsequently filed exceptions urging the objections of res judicata, no cause of action, and lack of subject matter jurisdiction for mootness.[3]
A hearing on Block's supplemental and amended petition, in addition to the various exceptions filed by McKnight, was held on October 24, 2016. Following argument by counsel for the parties,[4] the trial court denied the exceptions raised by McKnight and again issued a writ of mandamus, this time directed at McKnight in her capacity as superintendent of BREC. Pursuant to the writ of mandamus, McKnight was ordered to award Block a contract for the Wards Creek Bridge project. McKnight suspensively appealed the judgment that was signed by the trial court November 28, 2016.
*1021 DISCUSSION
On appeal, McKnight raises five assignments of error, the first being that mandamus was improperly granted, citing the following ruling by this court in Wiginton v. Tangipahoa Parish Council, 00-1319, p. 5 (La. App. 1st Cir. 6/29/01), 790 So.2d 160, 163 : "mandamus is an extraordinary remedy available only if relief is not available through ordinary process. We have held a mandamus is unavailable when injunctive relief and declaratory relief is also sought." We find merit in this assignment of error, and in so finding, we pretermit discussion of the remaining assignments of error raised by McKnight.
In its supplemental and amended petition, filed after the case was remanded by this court, Block again sought the following relief, which was the same as what it sought originally: (1) a preliminary injunction to enjoin BREC from re-letting the project for contract; (2) after due proceedings, a permanent injunction mandating that a contract for the project be awarded to Block; (3) after due proceedings, a declaratory judgment declaring that BREC lacked just cause or no just cause existed for BREC to reject Block's bid and thus Block was entitled to be awarded the contract for the project; and (4) in the alternative, after due proceedings, a writ of mandamus directing McKnight to award Block the contract for the project.
Consequently, not only did Block seek injunctive and declaratory relief in this matter, such relief was the principal relief sought, and mandamus was only sought "in the alternative." Nevertheless, in support of the trial court's grant of mandamus relief, Block points out that Wiginton and other cases that have held that mandamus should not be granted when other relief is available do not involve the public bid law. Thus, Block argues that it was rightfully granted mandamus relief in this case under the general principle that mandamus can be granted to compel the performance of a non-discretionary, ministerial act, citing New Orleans Rosenbush Claims Service, Inc. v. City of New Orleans, 94-2223, p. 15 (La. 4/10/95), 653 So.2d 538, 546, wherein the Louisiana Supreme Court held that where a public entity lacks just cause to reject all bids, mandamus can issue to direct the award of a contract to the lowest bidder.
Initially, we should point out that the proscription against granting mandamus when other relief is available is not simply a jurisprudential rule. Instead, the proscription is legislative, coming directly from La. C.C.P. art. 3862, which statute provides, in pertinent part, that "[a] writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice." (Emphasis added.) And while we recognize that there have been several public bid law cases in which mandamus as well as injunctive and declaratory relief was granted,[5] we do not find those cases to be authority for disregarding the express dictates of Article 3862. Instead, we observe that the issue of other relief being available in those cases did not appear to have been expressly raised. Moreover, the other relief that was granted in those cases, in addition to mandamus, arguably made any objection to the mandamus relief pointless, because, in effect, the mandamus relief was duplicative of the other relief *1022 granted. Such cannot be said in this case, where mandamus was the sole relief granted despite other relief being sought and despite there being no trial regarding the other relief.[6]
Hence, we find the trial court erred in granting a writ of mandamus without first finding that relief was not available through ordinary process or that the delays involved would cause an injustice.
CONCLUSION
Based on the foregoing, we reverse the issuance of a writ of mandamus in the November 28, 2016 judgment, and this matter is remanded to the trial court for a trial on the injunctive and declaratory relief requested by Block. All costs of this appeal are cast to the appellee, Block Construction, LLC.
REVERSED AND REMANDED.
J. Pettigrew, concurs.

See La. R.S. 38:2211 -2227.

As noted in the concurring opinion, the trial court granted the request for issuance of a writ of mandamus without considering the original relief requested by Block, which was for declaratory and injunctive relief. Block Construction, LLC v. Recreation & Park Commission for the Parish of East Baton Rouge, 15-1323, p. 7 (La. App. 1st Cir. 4/15/16), 2016 WL 1545620, at *4.

The objection of lack of subject matter jurisdiction for mootness was premised on the following resolution passed by the BREC Commission on August 27, 2015:
That the Commission will not under any circumstances appropriate any funds for the construction of that project that was the subject of Bid # 1603-Wards Creek Multi-Use Bridge project as currently designed. The Commission intends to substantially redesign the bridge and rebid a separate project or cross the creek by accessing the owner's bridge.

The parties stipulated to the admissibility and introduction of all the exhibits and testimony from the March 12, 2015 hearing, and other than the minutes from an August 27, 2015 meeting of BREC, no new evidence was introduced at the October 24, 2016 hearing.

See e.g., New Orleans Rosenbush Claims Service, Inc., 94-2223 at p. 15, 653 So.2d at 546 ; Grady Crawford Construction, Inc. v. City of Baton Rouge, 11-0377, pp. 2-3 (La. App. 1st Cir. 8/17/11), 76 So.3d 513, 516 ; and Pittman Construction Company, Inc. v. Parish of East Baton Rouge, 493 So.2d 178, 180 (La. App. 1st Cir.), writ denied, 493 So.2d 1206 (La. 1986).

Notably, in the exception raising the objection of res judicata filed by McKnight on remand, she sought dismissal of Block's requests for declaratory and injunctive relief, arguing that the silence in the July 7, 2015 judgment as to those claims constituted a denial of the claims by the trial court, which was not appealed. In response, Block argued that the trial court never reached the claims of declaratory and injunctive relief, because those claims are ordinary proceedings and the mandamus relief granted by the trial court was a summary proceeding. Hence, counsel for Block argued "simply for the purpose of stating if we ended up going down the road on this matter, that we would have these requests for declaratory relief and injunctive relief as an ordinary proceeding." As noted earlier in this opinion, the objection of res judicata was denied by the trial court. See Zachary Mitigation Area, LLC v. Tangipahoa Parish Council, 16-1675, pp. 1 n. 1 and 6 (La. App. 1st Cir. 9/21/17), --- So.3d ----, ---- n. 1 and ---- (2017 WL 4215896, at *1 n. 1 and *3).