906 So.2d 596 (2005)
In the Matter of Chad M. BONVILLIAN
v.
DEPARTMENT OF INSURANCE (Louisiana).
No. 2004 CA 0332.
Court of Appeal of Louisiana, First Circuit.
February 16, 2005.
*597 Derriel McCorvey, Lafayette, Counsel for Petitioner/Appellee, Chad M. Bonvillian.
Barry Ward, Baton Rouge, Counsel for Defendant/Appellant, Louisiana Department of Insurance.
*598 Before: WHIPPLE, DOWNING, and HUGHES, JJ.
WHIPPLE, J.
This is an appeal from a judgment of the district court granting a writ of mandamus in favor of petitioner/appellee. For the following reasons, we reverse the judgment of the trial court and recall the writ of mandamus.

FACTS AND PROCEDURAL HISTORY
Petitioner, Chad M. Bonvillian, filed an application for renewal of a bail bond agent's license. The Louisiana Department of Insurance, through the Commissioner, J. Robert Wooley (collectively referred to as "the Department"), subsequently denied Bonvillian's request by letter dated April 29, 2003. Bonvillian appealed the decision of the Department to the Division of Administrative Law. The Administrative Law Judge ("ALJ") issued a "Decision and Order" on July 3, 2003, overruling the Department's action in denying the license renewal. The Department filed an application for rehearing with the ALJ, which was denied on July 31, 2003.
On August 12, 2003, Bonvillian filed a petition for writ of mandamus in the Nineteenth Judicial District Court, pursuant to LSA-C.C.P. art. 3865, requesting that the district court order the Department to issue Bonvillian a license in accordance with the ruling of the ALJ. Bonvillian further requested that the writ be made peremptory pursuant to LSA-C.C.P. art. 3866.[1] Thereafter, on December 19, 2003, the district court rendered judgment, making the writ absolute and ordering the Department to reinstate Bonvillian's license retroactive to the date of the ALJ's order, August 7, 2003.
The Department timely filed a suspensive appeal from the judgment of the district court, contending in its sole assignment of error that the district court erred in granting Bonvillian's writ of mandamus and in making the writ peremptory.[2]

DISCUSSION
A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. LSA-C.C.P. art. 3863. However, a writ of mandamus may only be issued in cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice. LSA-C.C.P. art. 3862. In mandamus proceedings against a public officer involving the performance of official duty, nothing can be inquired into but the question of duty on the face of the statute and the ministerial character of the duty he is charged to perform. Plaisance v. Davis, XXXX-XXXX, p. 11 (La.App. 1st Cir.11/07/03), 868 So.2d 711, 718, writ denied, XXXX-XXXX (La.2/13/04), 867 So.2d 699.
*599 Mandamus is an extraordinary remedy, which must be used sparingly by the court and only to compel action that is clearly provided by law. Allen v. St. Tammany Parish Police Jury, 96-0938 (La. App. 1st Cir.2/14/97), 690 So.2d 150, 153, writ denied, 97-0599 (La.4/18/97), 692 So.2d 455. Mandamus will not lie in matters in which discretion and evaluation of evidence must be exercised. Allen, 690 So.2d at 153. The remedy is not available to command the performance of an act that contains any element of discretion, however slight. Fire Protection District Six v. City of Baton Rouge Department of Public Works, XXXX-XXXX, p. 3 (La.App. 1st Cir.12/31/03), 868 So.2d 770, 772, writ denied, XXXX-XXXX (La.4/08/04), 870 So.2d 270.
Further, mandamus is to be used only when there is a clear and specific legal right to be enforced or a duty that ought to be performed. It never issues in doubtful cases. Wiginton v. Tangipahoa Parish Council, XXXX-XXXX, p. 4 (La.App. 1st Cir.6/29/01), 790 So.2d 160, 163, writ denied, 2001-2541 (La.12/07/01), 803 So.2d 971. Although the granting of a writ of mandamus is considered improper when the act sought to be commanded contains any element of discretion, it has, nevertheless, been allowed in certain cases to correct an arbitrary and capricious abuse of discretion by public boards or officials. See Fire Protection District Six, XXXX-XXXX at p. 3, 868 So.2d at 772, citing State ex rel. Torrance v. City of Shreveport, 231 La. 840, 93 So.2d 187, 189 (1957) (where the Louisiana Supreme Court held that mandamus will lie to correct the performance (or nonperformance) of an administrative or quasi-judicial act, such as the arbitrary refusal to grant a license).
Moreover, LSA-R.S. 22:1367 specifically provides that a writ of mandamus may be sought to compel the commissioner of insurance to perform a ministerial duty as established by law, where it is alleged that the commissioner of insurance is acting fraudulently or not impartially fulfilling his duties, or where the delay involved in obtaining ordinary relief may cause injustice.
At the outset, we note that the Louisiana Supreme Court recently summarized the history, role, and function of the Division of Administrative Law in Wooley v. State Farm Fire and Casualty Insurance Company, XXXX-XXXX (La.1/19/05), 893 So.2d 746. In Wooley, the Court recognized that ALJs are not constitutionally allowed to exercise the judicial power of the state; thus, Act 739 of 1995, which created the Division of Administrative Law, did not impermissibly attempt to authorize the exercise of judicial power. Importantly, the Court noted that "[t]he ALJs make administrative law rulings that are not subject to enforcement and do not have the force of law." Wooley, XXXX-XXXX at p. 23, 893 So.2d at 764. The Court further determined that "[b]ecause the decision and order of the ALJ was not a valid and final judgment for purposes of res judicata, ... the ALJ's judgment is not entitled to res judicata effect." Wooley, XXXX-XXXX at p. 36, 893 So.2d at 771.
In the instant appeal of the district court's judgment granting mandamus relief to Bonvillian, the Department sets forth, in detail, various arguments questioning the validity of the underlying judgment of the ALJ and challenging the authority of the ALJ to issue such an order. First, the Department suggests that alternative remedies were available to Bonvillian. Specifically, the Department suggests that Bonvillian could have intervened in a certain declaratory judgment action instituted by the Department and could have requested mandatory injunctive relief. Second, the Department contends that Bonvillian could have instituted a second *600 lawsuit requesting declaratory and injunctive relief in his favor.[3] Third, the Department contends that because there is a legal question as to whether the ALJ had the authority to issue a "1033 waiver," which is required pursuant to LSA-R.S. 22:1136[4] in order to obtain a license, the duty to issue a license in this case is not "clearly provided for by law." See Allen, 690 So.2d at 153. We agree.
Here, after applying the criteria set forth in LSA-R.S. 22:1136, the Department denied Bonvillian's request to reinstate his license. The ALJ then overruled the decision of the Department and issued a ruling ordering the Department to issue Bonvillian's license renewal application. The Department subsequently failed to comply with the decision of the ALJ. Thereafter, without attempting to file an ordinary proceeding, Bonvillian directly sought a writ of mandamus to compel the Department's compliance with the decision of the ALJ. Based on a reading of LSA-R.S. 22:1136, clearly, the issuance of a license by the Department is not a "ministerial duty" that the commissioner can be "compelled" to do as contemplated by LSA-C.C.P. art. 3863. Further, as mandamus is not available to command the performance of an act that contains any element of discretion, however slight, we find the issuance of mandamus improper herein.[5]See Fire Protection District Six, XXXX-XXXX at p. 3, 868 So.2d at 772.
Moreover, considering that mandamus may only be issued in cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice, see LSA-C.C.P. art. 3862, and the facts herein, we find on review that mandamus was improperly issued. In sum, Bonvillian has not met his burden of showing that a delay in obtaining ordinary relief would cause injustice sufficient to warrant the issuance of a writ of mandamus or that there were no ordinary remedies available through *601 which he could obtain relief. As set forth in Wiginton, mandamus presumably can not lie in cases that are doubtful. See Wiginton, XXXX-XXXX at p. 4, 790 So.2d at 163. As such, mandamus should not lie.
Accordingly, we find that the district court erred in granting the relief requested by the petitioner. Thus, we reverse the judgment of the district court granting Bonvillian's writ of mandamus.[6]

MOTION TO REMAND
The Department also filed a motion to remand this matter to the district court for the purpose of admitting new evidence. The motion was referred to the merits of this appeal. Because we reverse the judgment of the trial court and recall the writ of mandamus, this motion is moot.

CONCLUSION
For the above reasons, the December 19, 2003 judgment of the trial court is reversed and the writ of mandamus is recalled. Costs of this appeal in the amount of $235.80 are assessed to the appellee, Chad M. Bonvillian. The motion to remand is denied as moot.
REVERSED; WRIT OF MANDAMUS RECALLED; MOTION TO REMAND DENIED AS MOOT.
NOTES
[1] On August 18, 2003, the Department filed a notice of removal, seeking removal of the matter to the United States District Court for the Middle District of Louisiana. Although the instant record does not contain a formal disposition, the parties acknowledge in brief that the matter was remanded by the federal court on the basis that the complaint failed to state a federal question as required to trigger federal question jurisdiction.
[2] Pursuant to LSA-R.S. 49:964 A(2), "[n]o agency or official thereof, or other person acting on behalf of an agency or official thereof shall be entitled to judicial review under this Chapter." Notably, although the Department now appeals the district court's grant of mandamus, the Department was prohibited from appealing the merits of the ALJ's decision.
[3] The function of a declaratory judgment is simply to establish the rights of parties or to express the opinion of the court on a question of law without ordering anything to be done. See LSA-C.C.P. arts. 1871 and 1881; Mull & Mull v. Kozak, XXXX-XXXX, p. 5 (La.App. 1st Cir.6/25/04), 878 So.2d 843, 846.
[4] Louisiana Revised Statutes 22:1136, entitled "Application for license," provides, in part, as follows:

A. A person applying for a resident insurance producer license shall make application to the commissioner of insurance on the Uniform Application and declare under penalty of refusal, suspension, or revocation of the license that the statements made in the application are true, correct, and complete to the best of the individual's knowledge and belief. Before approving the application, the commissioner shall find that the individual:
(1) Is at least eighteen years of age.
(2) Resides in the state or maintains his principal place of business in the state.
(3) Is not disqualified for having committed any act that is a ground for denial, suspension, or revocation set forth in R.S. 22:1142,
(4) Has completed a prelicensing course of study for the lines of authority for which the person has applied.
(5) Has paid the fees set forth in R.S. 22:1078.
(6) Has successfully passed the examinations for the lines of authority for which the person has applied.
(7) When applicable, has the written consent of the commissioner of insurance pursuant to 18 U.S.C. 1033, or any successor statute regulating crimes by or affecting persons engaged in the business of interstate commerce.
[5] Additionally, we note that Bonvillian has not alleged nor proved arbitrary or capricious abuse of discretion by the commissioner in failing to issue the license sufficient to allow the grant of mandamus. See Fire Protection District Six, XXXX-XXXX at p. 3, 868 So.2d at 772.
[6] In brief, Bonvillian requests an award of costs and attorneys fees for the defense of this appeal. However, Bonvillian failed to file an answer to appeal. Thus, he is not entitled to an award of attorneys fees for legal services rendered on appeal. Moreover, inasmuch as Bonvillian has not prevailed herein, he is not entitled to such relief. See LSA-C.C.P. art. 2133; Taylor v. BASF Wyandotte, XXXX-XXXX, p. 6, n. 3 (La.App. 1st Cir.9/28/01), 805 So.2d 235, 239, n. 3; writ denied, 2001-2835 (La.1/4/02), 805 So.2d 206.