DOWNING, J.
Lavern Bourgeois, the duly appointed Building Official for Ascension Parish, appeals a judgment making a writ of mandamus peremptory and ordering him in his official capacity to revoke a building permit issued to an Ascension Parish landowner. The trial court concluded that the building permit should not have been issued based on its interpretation of the building code in effect when the permit was issued. The trial court noted that the case was difficult to decide.
For the following reasons, we conclude that the writ of mandamus was improvidently granted and made peremptory. Accordingly, we reverse the judgment of the trial court and vacate its order that Mr. Bourgeois revoke the building permit.
FACTS AND PROCEDURAL HISTORY
In 1999, a landowner in Ascension Parish applied for and received a building permit for a 7,500 square foot building. Subsequently, the Parish adopted a Development Code under which the proposed building would become a nonconforming use. The parties stipulate that the original permit was abandoned after some preliminary construction had begun.
In 2003, despite opposition from Francis King and the other plaintiffs (collectively, “King”), who owned neighboring property, Bourgeois “reinstated” the original building permit on the landowner’s application without first requiring him to obtain a development permit. In reinstating the building permit, Bourgeois relied on the Zoning Official’s opinion that the new Development Code could not be retroactively applied to property on which construction had previously commenced pursuant to a permit.
*551 In response, King filed a suit against Bourgeois seeking mandamus as the only relief. After a trial on the matter, the trial court granted King’s |srequested relief, made peremptory the writ of mandamus and ordered Bourgeois to revoke the building permit.
Bourgeois appeals asserting three assignments of error, summarized as follows:
1. revocation of a building permit is a discretionary act as a matter of law pursuant to La. R.S. 33:4773;
2. the decision to revoke or not revoke a building permit is a discretionary act in that the decision requires the consideration of evidence and the exercise of judgment;
3. the issuance of a writ of mandamus is improper where the propriety of a structure’s use depends on an interpretation of the Parish Zoning Code.
DISCUSSION
Louisiana Code of Civil Procedure art. 3863 provides in pertinent part that “[a] writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law.” Comment (b) to art. 3863 explains that, “The following rules established by the jurisprudence are retained: Mandamus will issue only when there is a clear and specific right to be enforced or a duty which ought to be performed. It never issues in doubtful cases. • It may be used only to compel the performance of purely ministerial duties.” “In mandamus proceedings against a public officer involving the performance of official duty, nothing can be inquired into but the question of duty on the face of the statute and the ministerial character of the duty he is charged to perform.” Bonvillian v. Department of Ins., 04-0332, p. 3 (La.App. 1 Cir. 2/16/05), 906 So.2d 596, 598-99, 2005 WL 362495. “Further, mandamus is to be used only when there is a clear and specific legal right to be enforced or a duty that ought to be performed. It never issues in doubtful cases.” Bonvillian, 04-0332 at p. 4, 906 So.2d at 599. Even so, a writ of |4mandamus may issue “in certain cases to correct an arbitrary and capricious abuse of discretion by public boards or officials.” Id.
Here, King points to no specific non-discretionary duty or mandate requiring Bourgeois to revoke the reinstated permit at issue. Nor does he directly allege that Bourgeois abused his discretion in reinstating the original permit. Abuse of discretion, however, seems to be the thrust of his argument. King argues that nothing in the new Parish Development Code allows the zoning or building officials to “grandfather” in properties that were properly permitted at the time the ordinance was enacted. He argues that the building permit, therefore, could not legally have been reinstated without a development permit first being obtained from the Zoning Officer pursuant to the Development Code.
To counter this argument, Bourgeois put on evidence tending to show that nothing in the ordinance prevented such interpretation and showing that the Zoning Department’s official interpretation of the Code included “grandfathering” of properties permitted at the time the Development Code was enacted. Particularly, Bourgeois presented evidence that the Development Code specifically authorized the Zoning Official to “[ijnterpret provisions of this ordinance.” The Zoning Official testified to his interpretation, which he consistently enforced, that properties under permit at the time the Development Code was adopted were exempt from the requirements of the Development Code. Both the Zoning Official and Bourgeois testified that Bourgeois consulted with the Zoning *552 Official, who gave Bourgeois his official interpretation before Bourgeois reinstated the building permit.
The evidence before us fails to demonstrate that Bourgeois had any authority or discretion to substitute his understanding or legal interpretation |sof the Development Code for that of the Zoning Official. Rather, his uncontradicted testimony was that he did not exercise such discretion.
On the evidence before us, King has failed to show that Bourgeois had a clear duty, or even the discretion, to deny the building permit he issued. King has also failed to show that Bourgeois abused whatever discretion he had in granting the building permit.
We do not comment on the ultimate merits of King’s interpretation of the Development Code, if they can now be raised. See La. C.C.P. art. 425. But we conclude that the trial court erred in making the writ of mandamus peremptory and, pursuant to that writ, ordering Bourgeois to revoke the building permit. We reverse the judgment of the trial court and vacate the order requiring Bourgeois to revoke the building permit.
Finding merit in Bourgeois’s third assignment of error, we pretermit discussion of the first two.
DECREE
For the foregoing reasons, we reverse the judgment of the trial court making the alternative writ of mandamus peremptory, and we vacate its order that Mr. Bourgeois revoke the building permit. Costs are assessed to the King plaintiffs.
REVERSED; ORDER VACATED
WHIPPLE, J., concurs.