5 So.3d 233 (2008)
Chad BONVILLIAN
v.
STATE of Louisiana through the DEPARTMENT OF INSURANCE.
No. 2008 CA 0591.
Court of Appeal of Louisiana, First Circuit.
December 23, 2008.
Rehearing Denied January 22, 2009.
*234 Michael S. Zerlin, Thibodaux, LA, for Plaintiff/Appellee, Chad Bonvillian.
Terrel J. Broussard, New Orleans, LA, for Defendant/Appellant, Louisiana Department of Insurance.
Before CARTER, C.J., WHIPPLE and DOWNING, JJ.
DOWNING, J.
The Louisiana Department of Insurance (Department) appeals a district court judgment granting Chad Bonvillian's motion for a partial summary judgment and upholding an administrative law judge (ALJ) decision.[1] The judgment declared that Bonvillian was entitled to reinstatement of his bail bond agent license; the judgment further ordered that the license be reinstated retroactively to the date of the ALJ's decision. For the following reasons, we affirm the district court judgment.

PERTINENT FACTS AND PROCEDURAL HISTORY
In July 2003, an administrative law judge in the Louisiana Division of Administrative Law issued a decision and order, overruling the Department's action denying Bonvillian's request for the renewal of his bail bond agent license and instructing the Department to renew the license. The ALJ denied rehearing. The relevant facts and related history are provided in an earlier opinion pertaining to the ALJ's ruling in the instant case, entitled, Bonvillian v. Department of Insurance, 04-0332 (La. App. 1 Cir. 2/16/05), 906 So.2d 596, writ not considered, 05-0776 (La.5/6/05), 901 So.2d 1081. The controversy apparently was removed to and remanded from the U.S. district court, according to the briefs and Bonvillian, 04-0332 at p. 2 n. 1, 906 So.2d at 598 n. 1.
In December 2005, Chad Bonvillian filed a petition in this matter in the district *235 court, entitled, "Petition for Declaratory Judgment and Damages." In the petition, Bonvillian sought declaratory relief, affirmative relief, and damages assertedly arising from the Department's wrongful refusal to issue him a bail bonding license despite the ALJ decision. In his petition, Bonvillian sought a judgment declaring his right to a bail bond agent license. Additionally, Bonvillian prayed for reinstatement of his license and for damages allegedly resulting from the Department's wrongful refusal to issue him a license.
Bonvillian subsequently filed a motion for partial summary judgment seeking a finding that the order of the ALJ was final and absolute.[2] This motion was heard in February 2008.[3] The court granted Bonvillian's motion and ordered that the judgment rendered by the ALJ on July 3, 2003 be final and absolute. The district court further ordered the Department to reinstate Bonvillian's license. Judgment was rendered accordingly.[4] From that judgment the Department appeals, alleging the following:
1. The district court erred by ordering the reinstatement of [Bonvillian's] license in a declaratory judgment action because the function of a declaratory judgment is only to establish the rights of the parties or express the court's opinion on a question of law.
2. The district court abused its discretion and was clearly wrong by granting summary judgment on a declaratory judgment action when it was biased by the findings of an ALJ that were contrary to the law.
3. The District Court abused [its] discretion by disregarding a decision of the Louisiana Supreme Court, Wooley v. State Farm Fire & Cas. Ins. Co.,[[5]] in deciding that there was a case in controversy.

DISCUSSION

Standard of Review
Reviewing courts review summary judgments de novo, using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; i.e., whether there is any genuine issue of material fact and whether the movant is entitled to judgment as a matter of law. Samaha v. Rau, 07-1726, p. 3 (La.2/26/08), 977 So.2d 880, 882-83. Pursuant to La. C.C.P. art. 1877, declaratory judgments may be reviewed as other orders, judgments, and decrees. "`Accordingly, the character of [an] action as one seeking declaratory judgment does not affect the standard of review of summary judgment.' (Citation omitted.)" Phoenix Associates Land Syndicate, Inc. v. E.H. Mitchell & Co., L.L.C. and Steven M. Furr, 07-0108, p. 10 (La.App. 1 Cir. *236 9/14/07), 970 So.2d 605, 612, writ denied, 07-2365 (La.2/1/08), 976 So.2d 723.

Summary Judgment
On our de novo review, we conclude that the material facts are undisputed and that Bonvillian is entitled to judgment in his favor as a matter of law. The undisputed facts include the following. The ALJ decision and order became a final, enforceable judgment at the latest when the Louisiana Supreme Court did not consider writs in Bonvillian v. Department of Ins., 05-0776 (La.5/6/05) 901 So.2d 1081. See Wooley v. State Farm Fire and Cas. Ins. Co., 04-882, pp. 36-37 (La.1/19/05), 893 So.2d 746, 771. The ALJ's final, enforceable judgment ordered the Department to issue the license, as follows:
IT IS HEREBY ORDERED that the Department of Insurance renew Mr. Chad M. Bonvillian's Louisiana resident property and casualty producer's license so that he may continue to operate as a bail bond agent in this state until such time as he fails to qualify under the terms of the Insurance Code.
IT IS FURTHER ORDERED that this decision serves as written consent from the State of Louisiana, as contemplated under 18 U.S.C. 1033(e)(2), for Mr. Chad M. Bonvillian to hold a Louisiana resident property and casualty producer's license in this state even though his activities may affect interstate commerce.
Despite the ALJ's order being a final judgment, the Department has yet to issue a bail bonding license to Bonvillian.
Under these facts, we conclude the trial court did not err in declaring that Bonvillian was entitled to reinstatement of his bail bonding license.
The trial court's order that the Department immediately reinstate Bonvillian's license is a bit more problematic since Bonvillian did not specifically ask for this relief in his motion for summary judgment, though he did ask for it in his petition. Even so, at the beginning of the hearing on the motion for summary judgment, Bonvillian's counsel informed the court and opposing counsel that he was asking the court "to order the Department of Insurance to return the license." In response, the Department's counsel made many arguments but did not object to the consideration of such an order.
Louisiana Code of Civil Procedure art. 862 provides generally that "a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief." The court in Gray v. Louisiana Power & Light Co., 247 So.2d 137, 141 (La.App. 4 Cir.1971) applied this article, in conjunction with La. C.C.P. art. 2164,[6] to a well-founded summary judgment motion in which the applicant did not request appropriate relief. The Gray court granted the applicant the relief to which he was entitled, relying on the codal articles for the authority to do so.
Here, the same evidence that entitles Bonvillian to a declaration that he is entitled to a bail bonding license also entitles him to an order for its issuance. Accordingly, we affirm the trial court's judgment.

The Department's Arguments
The Department seems to suggest in its arguments that it has the right to relitigate the same issues that were before the ALJ, asserting that the ALJ's decision *237 was incorrect. This argument lacks merit. Once the ALJ's decision became a final judgment, principles of res judicata preclude re-litigation.[7] And the Department has not pled or argued any exceptional circumstances or other exception to the general rules of res judicata per La. R.S. 13:4232.
In this regard, we also observe that La. R.S. 49:992(B)(2) was amended by Acts 2005, No. 204 to add the following significant language: "Upon the issuance of such a final decision or order, the agency or any official thereof shall comply fully with the final order or decision of the administrative law judge." This language is interpretive and remedial and is to be given retroactive effect. Wooley v. State Farm Fire and Cas. Ins. Co., 05-1490, pp. 6-7 (La. App. 1 Cir. 2/10/06), 928 So.2d 618, 622.
The Department further suggests that no justiciable controversy exists in the matter before us. But here, where Bonvillian seeks declaratory and affirmative relief through his petition, we find no merit in the Department's argument. "[A] justiciable controversy has been broadly defined as one involving `adverse parties with opposing claims ripe for judicial determination,' involving `specific adversarial questions asserted by interested parties based on existing facts.'" Id., 05-1490 at p. 5, 928 So.2d at 622 (citation omitted). Here, Bonvillian asserts that he is entitled to enforcement of the ALJ's order. The Department contends that he is not. This is certainly a dispute ripe for review.
Accordingly, we find no merit in the Department's arguments.

DECREE
For the foregoing reasons we affirm the judgment of the trial court. Costs of this appeal in the amount of $1,838.00 are assessed against the State of Louisiana through the Department of Insurance.
AFFIRMED.
WHIPPLE, J., concurs for reasons assigned.
WHIPPLE, J., concurring.
Pursuant to LSA-R.S. 49:964(A)(2), the agency is precluded from seeking judicial review of an ALJ's final decision. Thus, I concur in the result reached by the majority, as the res judicata discussion therein ultimately defeats the Department's arguments.
NOTES
[1] The ALJ issued a "Decision and Order" on July 3, 2003, overruling the Department's action in denying a license renewal and stating that Chad Bonvillian was wrongfully denied the renewal of his bail bond agent license.
[2] The Department filed a cross motion for summary judgment seeking a declaration that Bonvillian was not entitled to a renewal of his bail bonding license. The trial court did not hear this motion because it was not timely filed.
[3] The damages and attorney fee portions of the suit were not adjudicated, and were reserved for future litigation.
[4] This partial summary judgment issued pursuant to La. C.C.P. art. 966 E was certified as final on November 19, 2008, after this court issued a show cause order on the issue of finality of the judgment. On review, we agree with the certification in that the partial judgment at issue resolves a significant portion of the underlying litigation and final resolution of the issues addressed could expedite resolution of the remaining issues, damages and attorney fees.
[5] 04-0882, pp. 23-27 (La.1/19/05), 893 So.2d 746, 764-66.
[6] Louisiana Code of Civil Procedure art. 2164 provides in pertinent part that "[t]he appellate court shall render any judgment which is just, legal, and proper upon the record on appeal."
[7] Louisiana Revised Statutes 13:4231 provides as follows:

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.