STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2021 CA 1228

VOLKONA CO/UNION BANK D/B/A US ASSETS, LLC

VERSUS

DOUG WELBORN, IN HIS CAPACITY AS THE CLERK OF COURT FOR
THE PARISH OF EAST BATON ROUGE; ET AL

**Judgment Rendered:** JUL 13 2022

* * * * * *

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Suit Number C690448

Honorable Nadine Ramsey, Judge Pro Tempore

* * * * * *

Melissa T. Castille
Rebecca D. Barham
Baton Rouge, LA

Counsel for Plaintiff/Appellant
Volkona Co/Union Bank d/b/a
US Assets, LLC


Robert D. Hoffman, Jr.
Madisonville, LA

Counsel for Defendant/Appellee
Louisiana Tax Commission


and


Franklin Hoffman
Baton Rouge, LA


Robert Van McAnelly
Baton Rouge, LA

Counsel for Defendant/Appellee
James C. George

* * * * * *

BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.

*Thudy, J. Dissents and assigns reasons.*

**HOLDRIDGE, J.**

In this mandamus proceeding, plaintiff/appellant, Volkona Co/Union Bank d/b/a US Assets, LLC (Volkona) filed suit against defendants/appellees, Doug Welborn, solely in his capacity as the East Baton Rouge Parish Clerk of Court (the Clerk of Court); the Louisiana Tax Commission, through the State of Louisiana Attorney General, Jeff Landry (the Tax Commission); James C. George (George), who purchased the lots comprising the property at issue in this litigation during 2003 and 2004; and LPI V, LLC (LPI), a company who sold the subject property via a quitclaim deed to George in 2018. Volkona claims ownership of the subject property via a 2012 tax sale and appeals a district court judgment that denied its petition for a writ of mandamus, seeking the cancellation of certain documents filed in the public record pertaining to the subject property. The parties dispute whether a 2008 tax sale is relevant to these proceedings and whether the district court should have applied the law in effect at the time of the 2008 or 2012 tax sale. Finding the earlier law is applicable, we affirm the denial of the mandamus.

## FACTUAL AND PROCEDURAL BACKGROUND

George acquired the property in question via two independent transactions. He acquired Lot 347, situated in Greendale Subdivision in the Parish of East Baton Rouge, pursuant to a sale with mortgage in 2003, and he acquired Lot 348 of Greendale Subdivision pursuant to a cash sale in 2004. It is undisputed that Lots 347 and 348 were later subdivided. Lot 347-A of Greendale Subdivision was created pursuant to that re-subdivision, and Lot 347-A has a municipal address of "7569 Poinsettia Drive, Baton Rouge, Louisiana 70812." Lot 347-A is the tract of land ("the property") at issue in this matter. It is undisputed that after purchasing Lot 347, George moved into a house located on the property and was granted a homestead exemption. Apparently while George still occupied the house and allegedly without him receiving notice of the sale, the property was sold at a tax sale to Cititax Group,

2

LLC (Cititax), for unpaid taxes in the amount of $92.94. Thereafter, the property was sold many times, through various tax sales and quitclaim deeds. It appears undisputed that in June 2010, another tax sale occurred, which transferred title of the property from Cititax to Managerial Investments. On June 25, 2010, a quitclaim deed transferred Cititax's interests in the property to Investments 2234, LLC (Investments 2234). On June 20, 2011, as a result of delinquent property taxes owed by Managerial Investments for the year 2010, the subject property was sold at a tax sale to Boaz Tax Sale Properties, LLC (Boaz). On August 17, 2011, another quitclaim deed transferred Investments 2234's interest in the property to MACWCP II LLC (MACWCP). On November 3, 2011, a redemption certificate was issued by the East Baton Rouge Parish sheriff and ex-officio tax collector to Managerial Investments for the property, which stated, "This sale is made to redeem the ... property from a [tax sale from Managerial Investments to Boaz], for unpaid taxes for the year 2010 ...." On July 23, 2012, a one percent interest in the property was sold to Volkona pursuant to a tax sale for delinquent taxes due by Boaz.[1] On November 25, 2014, a quitclaim deed transferred MACWCP's interest in the property to LPI. In May 2016, Volkona filed a "Petition To Quiet Tax Title & Partition By Licitation With Demand For Reimbursement" in **Volkona Co/Union Bank d/b/a/ US Assets, LLC v. James C. George**, et al, Docket No. 648352, in the Nineteenth Judicial District Court, naming as defendants, George and his wife, Melody B. George, Capital One, National Association, a mortgagee, and LPI. Therein, the petition acknowledged that George had been the record owner of the subject property pursuant to the 2003 and 2004 sale transactions. The petition urged, however, that Volkona was owner of a one percent interest in the subject property pursuant to the 2012 tax sale. The petition alleged that: 1) George was notified of the right to redeem the 2012 tax sale by a

---

[1] It is undisputed that after the July 23, 2012 tax sale, Volkona Co/Union Bank merged with US Assets, LLC.

letter from the East Baton Rouge Parish sheriff and tax collector, dated August 12, 2014; and 2) George, Melody, and Capital One were timely notified of the right to redeem the tax sale prior to the expiration of the applicable redemptive period, but they failed to timely redeem it. Volkona prayed to be recognized as the owner of a one percent interest in the subject property and to have the property judicially partitioned. In conjunction with that suit, Volkona filed a notice of lis pendens on May 31, 2016, that was recorded in the public records on June 9, 2016.

Afterwards, George recorded a quit claim deed in the public records on December 13, 2018, which purported to transfer LPI's interest in the property to him; LPI executed this deed on November 29, 2018. On February 11, 2019, a Tax Commission cancellation statement was recorded in the public records, stating that the East Baton Rouge Parish assessor had issued a notarized oath, which stated that due to an erroneous assessment for the 2011 tax year, the property was "[e]rroneously sold" because the "rightful owner did not receive the tax bill," and the '[r]ightful owner [of the property] is [LPI]." The statement further provided that the tax sale in the name of Boaz to Volkona is "null and void and should be cancelled from the records." The cancellation statement directed as follows, in pertinent part:

> [A]s Chairman of the ... Tax Commission ... under authority of the provisions of [La. R.S. 39:351 and La. R.S. 47:1991], I do [h]ereby authorize and direct the recorder of mortgages of East Baton Rouge Parish to cancel [the] sale and to change the Parish records.[2] [Footnote added].

---

[2] Louisiana Revised Statutes 39:351 provides, in pertinent part:

> The Tax Commission, upon determination and notification to the parish or district collector of taxes that an assessment has been corrected, shall authorize and direct the recorder of mortgages of the appropriate parish or parishes to change the inscription of the tax mortgage. If property erroneously assessed has been sold for taxes and adjudicated to a third party, the Tax Commission shall authorize and direct the recorder of mortgages to cancel the sale.

Louisiana Revised Statutes 47:1991(C) provides, in pertinent part:

> In case property erroneously assessed has been sold for taxes and adjudicated to a third party, the Tax Commission auditor shall authorize and direct the recorder of mortgages to cancel the sale.

In November 2019, Volkona filed the instant petition for a writ of mandamus. The sole relief requested was that the Clerk of Court be ordered to issue a writ of mandamus, cancelling both the quitclaim deed from LPI to George and the Tax Commission's cancellation statement.

George answered the suit, generally denying the allegations and alleging that Volkona acquired no interest in the property when it obtained its tax sale certificate in 2012. George asserted that pursuant to the 2012 tax sale, Volkona bought only the interests that Boaz had in the property and that when Boaz acquired the property, Managerial Investments had already redeemed the 2011 tax sale, and thus, Managerial Investments was record owner at the time that Boaz attempted to convey its interest to Volkona. Thus, George asserted that Volkona acquired no interest in the property and was therefore not entitled to any relief.[3] Further, in his opposition memorandum, George argued, in pertinent part:

> [T]he June 2008 tax sale ... to Cititax Group is an absolute nullity, [and] anything that happened thereafter is irrelevant. Thus, when the sheriff conducted [the] July 23, 2012 tax sale from Boaz to Volkona ..., the sale was of no effect .... Furthermore, when the sheriff conducted [the] 2012 tax sale, the sheriff sent notice of the tax sale only to Boaz, with no notice(s) sent to [George], creating yet another due process violation.

The Tax Commission filed a general denial and prayed for judgment in its favor, but it did not further participate in the proceedings below or in this Court. Additionally, the Clerk of Court and LPI did not file any responsive pleadings and have not otherwise participated in this litigation.

The district court held a hearing, during which evidence regarding the pertinent sale transactions, quit claim deeds, lis pendens filing, and the cancellation statement was introduced by the parties. Additionally, an envelope sent via certified mail was introduced into evidence; it was addressed to "7569 Poinsettia St., Baton

---

[3] Although George's pleading was styled as an answer, Volkona filed peremptory exceptions raising the objections of prescription and nonjoinder. It further raised various affirmative defenses.

5

Rouge, LA 70812," stamped, "**IMPORTANT TAX DOCUMENT ENCLOSED**," post-marked 4/27/08, which indicated it was "RETURN[ED] TO SENDER" because it was "UNCLAIMED [and] UNABLE TO [BE] FORWARD[ED]."[4] After taking the matter under advisement, the district court issued its ruling on March 3, 2021. After setting forth the various contentions of the parties, the district court reasoned, in pertinent part:

> Petitioner argues and this [c]ourt agrees, since there was no notice of a tax delinquency or of an upcoming tax sale given to George in 2008, any and all subsequent sales of said property were an absolute nullity. When [Volkona] acquired the property, the property was not owned by Boaz because any subsequent transfer was an absolute nullity for failure of the tax authority to issue pre-sale notice.
>
> . . .
>
> **IT IS HEREBY ORDERED** that the Writ of Mandamus filed by [Volkona] is hereby **DENIED, and all costs to be paid by [Volkona]**.

Volkona has appealed, urging the district court erred by denying the writ of mandamus and declaring Volkona's tax sale an absolute nullity.

## ANALYSIS

On appeal, Volkona urges the district court erred in considering George's arguments about the validity of the tax sale, because the validity of Volkona's tax sale was not at issue in the summary proceeding. It asserts the district court's ruling regarding the nullity of the 2008 tax sale should be vacated as that issue was pending before another court. Volkona further asserts, "The court should have looked solely to the statutory mandate [pursuant to La. R.S. 47:2266(C)] and ordered the clerk to perform its ministerial duty to cancel instruments recorded after Volkona's notice of lis pendens." Volkona requests that this court vacate the district court's judgment and remand the case with instructions to issue a writ of mandamus canceling and removing from the public records the act of cancellation by the Tax Commission and

---

[4] The contents of this envelope were not established.

6

the quitclaim deed from LPI to George. Volkona also urges that its tax sale post-dates the 2009 overhaul of Title 47 and is subject to the new legal regime.

In George's appellee brief, he again urges that the 2008 tax sale is an absolute nullity and any transaction flowing from that sale is also a nullity, including Volkona's tax title. Ultimately, George asks this court to affirm the district court's judgment denying Volkona's mandamus demand.[5]

The law governing the payment and collection of property taxes, tax sales, and adjudicated property, was substantively revised by the legislature in 2008 by La. Acts, No. 819, effective January 1, 2009. Act 819 of 2008 re-enacted Chapter 5 of Subtitle III of Title 47 of the Louisiana Revised Statutes, and that law has since been amended several times. **Cent. Properties v. Fairway Gardenhomes, LLC**, 2016-1855, 2016-1946 (La. 6/27/17), 225 So.3d 441, 448. 2008 La. Acts, No. 819, § 2, effective January 1, 2009, repealed La. R.S. 47:2221 to 2230. According to the Supreme Court's analysis in **Cent. Properties**, 225 So.3d at 448, the law applicable at the time of the subject tax sale controls. Thus, before addressing the merits of this matter, we must first determine which law is applicable, the law in effect at the time of the 2008 or the 2012 tax sale.

We now examine the facts before us to determine which tax sale is actually the subject of this dispute. The record establishes George's ownership interest in the subject property dates back to 2003. After Volkona filed its notice of lis pendens, George also recorded a quit claim deed, wherein LPI transferred its interest in the subject property to George. This document states, in pertinent part, "[LPI] acquired said ownership interest in [Lot 347-A] through a tax sale conducted in East Baton Rouge Parish on or about June 20, 2008, as the subsequent purchaser via quit claim

---

[5] George also asserted that because he has maintained possession of his property since 2003, and in accordance with the law in effect at the time of the 2008 tax sale, he has never lost his ability to contest that tax sale since prescription does not accrue against a tax-debtor until he has been dispossessed. Further, he asserted that an "action for annulment of an absolutely null contract does not prescribe," citing La. C.C. art. 2032.

7

deed from a successor of the successful bidder at said tax sale and complied with the terms and conditions of said tax sale and all applicable laws." Thus, according to the record, LPI's, and in part, George's ownership claim derives from the 2008 tax sale. Likewise, the record appears to establish that Volkona's interest in the property also derives from the 2008 tax sale. Thus, the June 2008 tax sale is the seminal transaction preceding the competing claims to the subject property; the applicable law at the time of the 2008 tax sale controls.

At that time, former La. R.S. 47:2228 addressed the procedure to quiet tax titles.[6] The statute did not address a petitioner's filing of a notice of lis pendens, so therefore it also did not address the effect that subsequent filings pertaining to the subject property would have. Further, it did not direct the recorder of mortgages or conveyances to cancel any such filings, as current La. R.S. 47:2266 now does. Thus, former La. R.S. 47:2228 alone does not support Volkona's requested mandamus relief.

Otherwise, Louisiana Code of Civil Procedure article 3862 provided both then and now, "A writ of mandamus may be issued in all cases where the law provides

---

[6] Former Louisiana Revised Statues 47:2228 provided, in pertinent part, as follows:

> After the lapse of three years from the date of recording the tax deed in the conveyance records of the parish where such property is situated, the purchaser, his heirs or assigns, may institute suit by petition and citation as in ordinary actions against the former proprietor or proprietors of the property, in which petition must appear a description of the property, mention of the time and place of the sale and name of officer who made same, reference to page of record book and date of recording tax deed, notice that petitioner is owner of the said property by virtue of said tax sale, and notice that the title will be confirmed unless a proceeding to annul is instituted within six months from date of service of the petition and citation.... After the lapse of six months from the date of service of petition and citation, if no proceeding to annul the sale has been instituted, judgment shall be rendered quieting and confirming the title.

> In all cases where tax titles have been quieted by prescription of five years under the provisions of Section 25 of Article VII of the Constitution of 1974, the purchaser or his heirs or assigns may, if he or they so desire, either obtain a judgment of the court confirming the title by suit in the manner and form as hereinabove set out, except that the delay for answer shall be ten days instead of six months, or the purchaser or his heirs or assigns may, at his or their option, quiet the title by monition proceeding, as provided by law relative to sheriffs' sales and tax sales; provided that the failure to bring suit shall in no manner affect such prescriptive titles.

8

no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice ....” Louisiana Code of Civil Procedure article 3861 provides, in pertinent part, “Mandamus is a writ directing a public officer ... to perform ... the duties set forth in [Article 3863].” Louisiana Code of Civil Procedure article 3863 provides, “A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law, or to a former officer or his heirs to compel the delivery of the papers and effects of the office to his successor.”

Mandamus, codified in La. C.C.P. art. 3862, *et seq.*, is an extraordinary remedy, to be applied where ordinary means fail to afford adequate relief. **Hoag v. State**, 2004-0857 (La. 12/1/04), 889 So.2d 1019, 1023. The supreme court has routinely held that the only circumstances under which courts may cause a writ of mandamus to issue is where the actions sought to be performed by the public officer are purely ministerial in nature. **Id.** A ministerial duty, the performance of which may be required of the head of a department by judicial process, is one in which nothing is left to discretion. **Id.** A ministerial duty is a simple, definite duty arising under conditions admitted or proved to exist and imposed by law. **Id.** at 1024; **L. Indus., LLC v. Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll.,** 2018-1756 (La. App. 1st Cir. 3/2/20), 300 So.3d 21, 26-27, **writ denied,** 2020-00745 (La. 10/6/20), 302 So.3d 515.

An appellate court reviews a trial court’s judgment denying a writ of mandamus under an abuse of discretion standard. **Stevens Constr. & Design, L.L.C. v. St. Tammany Fire Prot. Dist. No. 1,** 2019-0955 (La. App. 1st Cir. 7/8/20), 308 So.3d 724, 731, **writ denied,** 2020-00990 (La. 11/4/20), 303 So.3d 652. A trial court’s findings of fact in a mandamus proceeding are subject to a manifest error standard of review. **L. Indus., LLC,** 300 So.3d at 27. And where statutory interpretation is at issue, questions of law are reviewed under the *de novo* standard of review. **Id.** A mandamus never issues in doubtful cases. **Wiginton v. Tangipahoa**

**Par. Council**, 2000-1319 (La. App. 1st Cir. 6/29/01), 790 So.2d 160, 163, **writ denied**, 2001-2541 (La. 12/7/01), 803 So.2d 971.

Accordingly, based on the undisputed facts presented, we conclude the district court did not abuse its discretion in denying plaintiff's petition for a writ of mandamus. Based on the applicable law, there is no clear entitlement to mandamus relief. There is no ministerial duty to be performed at this juncture by the recorder of mortgages or conveyances. Ownership of the subject property is in question and is being litigated in another proceeding. Therefore, Volkona has a remedy to have the ownership question decided as well as all other issues in the pending ordinary process proceeding. Moreover, Volkona has not established that the delay occasioned by resolving the title dispute and ancillary ownership rights pursuant to the ordinary proceeding will cause injustice.

Based on the pleadings, the issue of whether the 2008 tax sale is null was not properly before the district court and the court's reasoning with respect to that issue was dictum; it was not part of the district court's decretal language. Therefore, we decline to address that issue on appeal.

## CONCLUSION

For these reasons, we affirm the district court's judgment that denied Volkona's petition for a writ of mandamus. Appeal costs are assessed to Volkona.

**AFFIRMED.**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2021 CA 1228

VOLKANA CO/UNION BANK D/B/A US ASSETS, LLC

VERSUS

DOUG WELBORN, IN HIS CAPACITY AS THE CLERK OF COURT FOR
THE PARISH OF EAST BATON ROUGE; LOUISIANA TAX COMMISSION;
JAMES C. GEORGE AND LPI V, LLC

**GUIDRY, J., dissents and assigns reasons.**

**GUIDRY, J., dissenting.**

I respectfully disagree with the majority's decision finding, pursuant to the law in effect in 2008, that the district court did not abuse its discretion in denying plaintiff's petition for a writ of mandamus. On November 8, 2019, Volkona filed a Petition for Writ of Mandamus, naming Doug Welborn, in his capacity as the East Baton Rouge Parish Clerk of Court, the Louisiana Tax Commission, James C. George, and LPI V, LLC as defendants. Volkona alleged it acquired the described property at an East Baton Rouge Parish *tax sale in 2012* and that the tax sale certificate was filed in the East Baton Rouge Parish records on July 24, 2012. Volkana stated that it thereafter filed a Petition to Quiet Tax Title and Partition by Licitation with Demand for Reimbursement on May 17, 2016, naming all parties with a recorded interest in the property as defendants, including George. Volkona stated it filed a Notice of Lis Pendens in connection with the petition to quiet tax title pursuant to La. R.S. 47:2266(C) in the East Baton Rouge Parish records on June 9, 2016.

Louisiana Revised Statute 47:2266 provides, in pertinent part:

A. (1) After expiration of the redemptive period, an acquiring person may institute an ordinary proceeding against the tax sale parties

1

whose interests the petitioner seeks to be terminated. The petition shall contain a description of the property ... notice that the petitioner is the holder of tax sale title to the property by virtue of tax sale ... and notice that the title and full ownership in the property shall be conferred unless a proceeding to annul is instituted within six months after the date of service of the petition and citation....

\* \* \*

C. The petitioner may file a notice of lis pendens with the recorder of mortgages of the parish in which the property is located. A transfer, mortgage, lien, privilege, or other encumbrance filed after the filing of the notice of lis pendens shall not affect the property. *The recorder of mortgages or the recorder of conveyances shall cancel, erase, terminate, or release the acts upon request of the petitioner.* [Emphasis added.]

A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. La. C.C.P. art. 3863. Mandamus lies only when a public official refuses to perform a duty the law clearly states he must perform. Acadian Ambulance Service, Inc. v. Parish of East Baton Rouge, 97-2119, p. 7 (La. App. 1st Cir. 11/6/98), 722 So. 2d 317, 322, writ denied, 98-2995 (La. 12/9/98), 729 So. 2d 583. The critical element necessary for the issuance of mandamus is that the public official to whom the writ is directed may exercise no element of discretion when complying. Stevens Construction & Design, LLC v. St. Tammany Fire Protection District No. 1, 19-0955, p. 9 (La. App. 1st Cir. 7/8/20), 308 So. 3d 724, 731. In mandamus proceedings against a public officer involving the performance of official duty, nothing can be inquired into but the question of duty on the face of the statute and the ministerial character of the duty he is charged to perform. Bonvillian v. Department of Insurance, 04-0332, p. 3 (La. App. 1st Cir. 2/16/05), 906 So. 2d 596, 598. An appellate court reviews a trial court's judgment denying a writ of mandamus under an abuse of discretion standard. Stevens Construction & Design, LLC, 19-0955 at p. 9, 308 so. 3d at 731.

In the instant case, in support of its request for mandamus, Volkona submitted a copy of the tax sale certificate whereby it acquired the subject property along with proof of its filing of a Petition to Quiet Tax Title and Partition by Licitation with

2

Demand for Reimbursement, naming George as one of the defendants, and its filing of a notice of lis pendens in the East Baton Rouge Parish records. Additionally, Volkona submitted copies of the quit claim deed and cancellation filed in the East Baton Rouge Parish records after Volkona filed its notice of lis pendens.

Louisiana Revised Statute 47:2266(C) unambiguously provides that a *petitioner in a quiet title action* may file a notice of lis pendens, any transfer or encumbrance filed after the filing of the notice of lis pendens shall not affect the property, and the recorder of mortgages or recorder of conveyances *shall* cancel, erase, terminate, or release such acts filed after the filing of the notice of lis pendens upon request of the petitioner. According to the plain language of the statute, the recorder of mortgages or conveyances has a clear duty to perform the requested action upon request of the petitioner in a quiet title action and there is no element of discretion. Therefore, because the only tax sale alleged to be at issue by Volkona in seeking mandamus is the 2012 tax sale by which it acquired its interest in the subject property, the trial court abused its discretion in denying Volkona's request for a writ of mandamus.